IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RIGOBERTO SANTILLAN QUIROZ, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-25-1349-PRW |
| SCARLET GRANT, *et al.*, | ) ) ) |
| Respondents. | ) ) |

# ORDER

Before the Court is a Report and Recommendation (Dkt. 10), which recommends that the Court grant in part Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) and order Respondents to either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release him. Respondents timely objected (Dkt. 11). For the reasons given below, the Court declines to adopt the Report and Recommendation (Dkt. 10) and **DENIES** the Petition (Dkt. 1).

## *Background*

This is a habeas claim, filed pursuant to 28 U.S.C. § 2241(c)(3).[1] Petitioner illegally entered the United States in or about 2006 without first being inspected or admitted.[2] Petitioner represents that his residency in the United States has continued uninterrupted for

---

[1] "Challenges to immigration detention are properly brought directly through habeas." Report and Recommendation (Dkt. 10), at 4 (quoting *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004)).

[2] R&R (Dkt. 10), at 3.

1

approximately nineteen years.³ On November 2, 2025, ICE arrested Petitioner and placed him in removal proceedings pursuant and detained him pursuant to 8 U.S.C. § 1225(b)(2)(A) because he entered the country without inspection.⁴ Petitioner, however, believes he is detained pursuant to 8 U.S.C. § 1226(a), which doesn't require detention and permits bond when detention occurs, and thus he requests that he either receive a detention hearing or be released.

## *Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."⁵ An objection is "proper" if it is both timely and specific.⁶ A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."⁷ Additionally, "[a]n 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for de novo review."⁸ In the absence of a proper

---

³ Pet. (Dkt. 1), ¶22.

⁴ R&R (Dkt. 10), at 3.

⁵ Fed. R. Civ. P. 72(b)(3).

⁶ *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

⁷ *Id.* (citation and internal quotation marks omitted).

⁸ *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *One Parcel of Real Prop.*, 73 F.3d at 1060).

objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[9]

*Analysis*

I.   **Petitioner is detained under 8 U.S.C. § 1225(b)(2).**

For the reasons given in the Court's Order in *Sosa v. Holt*, the Court finds that, because Petitioner entered the United States without admission or inspection, he is properly detained pursuant to 8 U.S.C. § 1225(b)(2).[10]

II.  **Petitioner has failed to show a due process violation.**

Petitioner has been in ICE custody since November 2, 2025.[11] As in *Sosa*, "Petitioner's half-hearted due process claim merely quotes the Fifth Amendment, points to a short, non-doctrinal snippet from *Zadvydas v. Davis*, and then quite conclusory states that he has a fundamental liberty interest in 'being free from official restraint[,]'" and that he suffers a violation of his right to due process in not receiving a bond redetermination hearing.[12] *Zadvydas* states that a six-month detention period is presumptively constitutional before the government must release a removable alien who shows "that there is no significant likelihood of removal in the reasonably foreseeable future[.]"[13] The Court accordingly denies Petitioner's premature due process claim.

---

[9] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

[10] *See Sosa v. Holt*, Case No. CIV-25-1257-PRW, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026).

[11] Pet. (Dkt. 1), ¶22.

[12] *Sosa*, at *5.

[13] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

*Conclusion*

Accordingly, the Court declines to adopt the Report and Recommendation (Dkt. 10) and **DENIES** the Petition (Dkt.1). A separate judgment will follow.

**IT IS SO ORDERED** this 13th day of January 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE